IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael A. Singleton, | Case No. 2:19-cv-02064-TLW |
| PETITIONER, | |
| v. | **Order** |
| Warden of Lackawanna County Prison, | |
| RESPONDENT. | |

Petitioner Michael Singleton, a *pro se* state prisoner, filed this petition for habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 9.

In 2003, Singleton pled guilty in South Carolina state court to committing a lewd act on a minor. He was sentenced to fifteen years in prison, suspended upon serving five years of probation. After absconding several months later, a warrant was issued for his arrest and the state court revoked his probation and ordered him to serve five years in prison in 2011. Singleton has previously mounted challenges to the 2003 and 2011 convictions. Including a § 2254 petition challenging his 2003 conviction. The Court dismissed the petition because it was untimely. *See Singleton v. Warden*, No. 2:11-cv-1034-TLW-BHH, 2011 WL 3794260, at *1 (D.S.C. July 13, 2011), *report and recommendation adopted*, 2011 WL 3794239 (D.S.C. Aug. 25, 2011), *appeal dismissed*, 463 F. App'x 226 (4th Cir. 2012) (per curiam), *cert. denied*, 568 U.S. 869 (2012), *cert. reh'g denied*, 568 U.S. 1043 (2012).

Petitioner's current habeas petition comes from the Lackawanna County Prison in

Scranton, Pennsylvania. Singleton has been at the Lackawanna County Prison since July 2019 for allegedly violating Pennsylvania law that requires convicted sex offenders to register and comply with other requirements.

In the Report, the magistrate judge addresses a potential habeas challenge to the 2003 conviction, 2011 conviction, and Petitioner's current confinement at Lackawanna County Prison. As to the 2003 and 2011 convictions, the magistrate judge found that the Court does not have jurisdiction to hear the petition because Petitioner is not currently "in custody" pursuant to a South Carolina state court judgments as required by § 2254. As to Petitioner's current incarceration at Lackawanna County Prison, the magistrate judge found that the Court does not have jurisdiction to hear the petition because the petition and its attachments indicate Singleton's custody flows from him being arrested on a charge of failure to register. Because a petitioner in pretrial custody on an unadjudicated criminal charge is not "in custody" pursuant to a state court's judgment the Court does not have jurisdiction under § 2254. Additionally, to the extent Petitioner is challenging his 2003 conviction, the magistrate judge found that due to the 2011 dismissal of Singleton's previous § 2254, before Singleton may file a "second or successive," he must first ask for, and then receive, an order from the Fourth Circuit Court of Appeals authorizing him to file such a petition and allowing this Court to consider it. As Petitioner has not shown that the Fourth Circuit has issued such an order, the magistrate judge recommends that the case be dismissed. After the magistrate judge filed the Report, Plaintiff filed objections. ECF No. 11. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo*

> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 9, is **ACCEPTED**. Plaintiff's objections, ECF No. 11, are **OVERRULED**. The action is hereby **DISMISSED WITHOUT PREJUDICE**.[1] Additionally, the Court declines to issue a certificate of appealability because the petitioner has not made a "substantial showing of the denial of a Constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11(a), Rules Governing § 2254 Cases.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

May 13, 2020
Columbia, South Carolina

---

[1] In light of the dismissal of the case, the Motion for Leave to Proceed in forma pauperis, ECF No. 8, is moot.

3